FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN 14 P 4:09

CLERK _____
S. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JAMES FRANKLIN FROST, III,          )
                                    )
            Petitioner,             )          CIVIL ACTION NO. CV205-027
                                    )
        v.                          )
                                    )
UNITED STATES OF AMERICA,           )          (Case No.:  CR200-47)
                                    )
            Respondent.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Franklin Frost, III, ("Frost"), an inmate currently incarcerated at the United States Penitentiary Big Sandy in Inez, Kentucky, has filed an action pursuant to 28 U.S.C.A. § 2255 requesting the modification of his sentence.  The Government filed a Motion to Dismiss, and Frost filed a Response.

## STATEMENT OF THE CASE

On February 14, 2001, following his plea of guilty to bank robbery in violation of 18 U.S.C.A. § 2113(a), Frost was sentenced by this Court to 151 months' imprisonment, three years' supervised release, $78.51 to pay in restitution, and a $100 special assessment. Frost did not file a direct appeal, nor has he filed a previous § 2255 motion.  He filed the instant motion on February 7, 2005.

Frost contends that this Court imposed a sentence upon him which violates the full faith and credit clause of Article IV, § 1 of the Constitution and 28 U.S.C.A. § 1738.  Frost

asserts that he was improperly classified as a career offender based in part on a prior conviction he obtained in Florida. Frost alleges that the offense for which he was convicted is a third degree felony, which is a non-violent offense under Florida law, and thus, should not have been used to classify him as a career offender. Frost asserts that he originally faced a sentence of 57-71 months, but based on this erroneous classification, his sentence range increased to 151-188 months' imprisonment.

The Government alleges that Frost waived any right he may have had to collaterally attack his sentence as part of his plea agreement. The Government also alleges that Frost's claims are barred by the applicable statute of limitation period.

## DISCUSSION AND CITATION OF AUTHORITY

I.      **Petitioner's Claims are Barred by the Applicable Statute of Limitation.**

Frost asserts that his improper classification as a career offender was based in part on a conviction he obtained in Florida. Frost alleges that the offense for which he was convicted, burglary of a dwelling, is classified under Florida law as a non-violent offense. Frost also alleges that the federal government must give full faith and credit to this classification by Florida. Frost contends that he ordinarily would have faced a sentence of 57-71 months' imprisonment because his offense level was 19, and he was in criminal history category V. However, Frost also contends that because the Government determined that he was a "career offender" due to the Florida conviction and pursuant to § 4B1.1 of the Sentencing Guidelines, he then faced a sentence range of 151-188 months' imprisonment; this range was based on an offense level of 29 and a criminal history category of VI. (Mem., p. 3.) Frost avers that his claims fall outside of the plea agreement

2

he signed in which he waived his right to appeal or to collaterally attack his conviction and sentence. According to Frost, he is "not attacking how his guidelines were determined and applied, but rather the constitutionality of the law which established that determination." (Mem., p. 5.) Frost asserts that he received the court records pertaining to his Florida conviction on December 12, 2004, and that this is "newly discovered evidence" in support of his claim which could not have been discovered with due diligence before that time. (Mem., p. 8.)

The Government contends that Frost's plea agreement clearly indicates that he knowingly and intelligently waived any right to appeal or to collaterally attack his sentence and conviction. The Government also contends that Frost's instant motion is barred by the applicable statute of limitation. The Government asserts that the Court entered judgment on February 14, 2001, and, accordingly, Frost had until February 26, 2002, in which to file a timely section 2255 motion. The Government alleges that Frost cannot use the "rewind" provision of section 2255, ¶6(3), because neither <u>Blakely</u> nor <u>Booker</u> are retroactively applicable to cases on collateral review. The Government also alleges that Frost cannot proceed under ¶6(4) of § 2255.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Section 2255 to accelerate the process for filing habeas corpus petitions. This amendment sets forth a one-year statute of limitations within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2255. According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

3

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the  Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  However, the statute of limitation may be equitably tolled if "'a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

In Johnson v. United States, ___ U.S. ___, 125 S. Ct. 1571 (Apr. 4, 2005), the Supreme Court determined that the vacatur of a petitioner's prior state convictions was a "matter of fact for purposes of the limitation rule" found in § 2255, ¶6(4).  125 S. Ct. at 1577.  However, the Court also concluded that a federal habeas petitioner having state court convictions vacated would trigger the limitation period found in this subsection "only if the petitioner has shown due diligence" in obtaining the vacatur of his convictions.  Id. The Supreme Court reasoned that, because Johnson waited until more than three years after he was sentenced in federal court to file a state habeas petition, he had not shown "due diligence" in obtaining the vacatur of his state court convictions.  Thus, Johnson was not entitled to use the limitation period found in § 2255, ¶6(4).

AO 72A
(Rev. 8/82)

In this case, Frost entered into a plea agreement with the Government on December 19, 2000. On February 14, 2001, he was sentenced, and this Court entered judgment on the same day. Petitioner did not file an appeal, as he waived his right to do so as part of his plea agreement. (Mot. to Dismiss, p. 2; Pet'r's Ex. 1, p. 3.) Frost's conviction became final ten days after judgment was entered. FED. R. APP. P. 4(b)(1)(A); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Thus, Frost's conviction became final on February 26, 2001. Fed. R. App. P. 26(a)(1)-(2). Frost was to file a section 2255 motion within one year of that date, February 26, 2002, 28 U.S.C.A. § 2255 ¶ 6(1), unless he is entitled to equitable tolling of the statute of limitations.

The basis of Frost's requested relief is his contention that he was improperly classified as a career offender. Frost asserts that the Florida conviction upon which the career offender classification partially is based is a conviction for a third degree felony rather than a second degree felony as the Government concluded. Frost alleges that he "found" records pertaining to his Florida conviction for "burglary of a dwelling" on December 16, 2004, which confirm that he was convicted of a third degree felony. (Pet., p. 3.)

Assuming without deciding that Frost was in fact convicted of a third degree felony, that he discovered this information on December 16, 2004, and that this is a "fact" supporting his claim[1], he is not entitled to his requested relief. Much like the petitioner in Johnson, Frost has not shown that he was diligent in his attempts to discover that he may

---

[1] Given Frost's use of the phrases "newly discovered evidence" and "could not discover through due diligence" (Mem., p. 7), the Court presumes that it is Frost's contention that he is entitled to the use of the limitation period found in 28 U.S.C.A. § 2255, ¶6(4).

have been convicted in Florida of a third degree felony. According to Frost, he did not discover the documents from the State of Florida until December 16, 2004; however, this is nearly four (4) years after his federal conviction became final and nearly three (3) years after the statute of limitation period for filing a timely section 2255 motion elapsed. The document Frost contends supports his position is dated May 3, 1989. It would be disingenuous to expect this Court to believe that he happened upon this document through the exercise of diligence fifteen (15) years after his Florida conviction was obtained and nearly four (4) years after his federal sentence was imposed. In addition, Frost was made aware during his sentencing before the Honorable Anthony A. Alaimo that he was being classified as a career offender for sentencing purposes. (Sent. Hrg. Tr., pp. 5, 13.) Moreover, the Presentence Investigation Report ("PSI"), which is dated February 6, 2001, reveals that Frost had two prior felony convictions involving crimes of violence and that he would be classified as a career offender based on § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). (PSI, ¶ 38.) Frost and his attorney reviewed the contents of the PSI and did not object to anything contained therein. (Sent. Hrg. Tr., p. 3.)

In sum, Frost has failed to establish that he attempted to obtain any documentation to support his claims in the exercise of due diligence. Frost is not entitled to equitable tolling of the statute of limitation, and thus, his claims are time-barred. It is unnecessary to address the remaining grounds upon which the Government seeks dismissal of Frost's petition.

## II.     Frost is not Entitled to Relief Pursuant to 18 U.S.C.A. § 3582.

Frost submitted a Response to the Government's Motion to Dismiss in which he seeks the Court's permission to "restyle" his section 2255 motion as having been filed

AO 72A
(Rev. 8/82)

pursuant to 18 U.S.C.A. §§ 3582(c)(1)(B) and 3582(c)(2). (Doc. No. 7.) Frost contends that he is entitled to his requested relief pursuant to the Supreme Court's recent decision in Shepard v. United States, ___ U.S. ___, 125 S. Ct. 1254, 161 L. Ed.2d 205 (2005).

"The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18 U.S.C.A. § 3582(c)(1)(B). Frost has failed to cite any statute which would permit the Court to modify his sentence, and the Court is unaware of any statute which would permit the modification. In addition, Rule 35 of the Criminal Rules of Procedure is inapplicable to the instant case. Subsection (a) of this Rule permits a court to correct a sentence which "resulted from arithmetical, technical, or other clear error" within seven days of sentencing. FED. R. CRIM. P. 35(a). As Frost was sentenced on February 14, 2001, far more than seven days have elapsed since he was sentenced. Furthermore, the other ground for relief under this Rule applies when the Government has made a motion for modification of a sentence. FED. R. CRIM. P. 35(b). The Government has not made such a motion to this Court. Accordingly, Frost is not entitled to relief under § 3582(c)(1)(B).

A court may also be permitted to modify a sentence:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.[A.] 994(*o*)[2],

---

[2] The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever

7

> upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The sentencing guideline range for a defendant sentenced as a career offender has not been lowered by the Sentencing Commission pursuant to section 994(*o*), and the Court need not engage in a discussion of whether an appropriate motion has been made under this Code section. Frost is not entitled to his requested relied pursuant to § 3582(c)(2).

To the extent that Frost asserts that the Supreme Court decisions in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), and Shepard support his position that he is entitled to have his sentence modified, his assertion is without merit. In Booker, the Supreme Court stated that it was reaffirming its holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). Booker, ___ U.S. at ___, 125 S. Ct. at 756. The Court's holding in Apprendi was that "other than the fact of a *prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63 (Emphasis added). The sentence imposed upon Frost as a result of his violation of 18 U.S.C.A. § 2113(a) was enhanced based on the fact that he had two prior convictions, and thus, was a career offender within the meaning of the Guidelines. Because Frost's sentence was enhanced based upon his

---

they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work. 28 U.S.C.A. § 944(*o*).

prior convictions, there were no facts which would increase the penalty he faced such that these facts had to be presented to a jury and proved beyond a reasonable doubt. See id. In addition, Booker is not available to Frost, as Booker is not retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004).

Additionally, Frost alleges that the Shepard case "extended" Apprendi and its progeny "to include facts relevant to prior convictions." (Doc. No. 7, p. 5.) In Shepard, the petitioner was indicted under 18 U.S.C.A. § 922(g)(1), the felon-in-possession statute. At sentencing, the Government asserted that Shepard's sentence should be enhanced from 30 to 37 months' imprisonment to the fifteen year minimum authorized pursuant to 18 U.S.C.A. § 924(e), the Armed Career Criminal Act ("ACCA"). The Government's position was that Shepard had four prior convictions which "represented a predicate ACCA offense of generic burglary." Shepard, ___ U.S. at ___, 125 S. Ct. at 1257. The Supreme Court found that a "sentencing court can[not] look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." Shepard, ___ U.S. at ___, 125 S. Ct. at 1257. However, the Supreme Court also found that "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial to which the defendant assented." Id.

Frost asserts that he was not convicted of a generic burglary, but rather, a third degree burglary. Frost also asserts that this is not a second degree burglary of a dwelling. (Doc. No. 7, p. 6.) The "Minutes and Judgment" concerning Frost's probation violation,

AO 72A
(Rev. 8/82)

dated May 3, 1989, reveals that Frost pleaded guilty to what was written as a third degree felony. (Pet'r's Ex. 3, p. 2.) However, this document also reveals that Frost pleaded guilty to burglary of a dwelling, in violation of Florida statute § 810.02. (Id.) In addition, the amended charging instrument, dated September 1, 1987, indicates that Frost was charged with burglary of a dwelling or occupied structure. (Pet'r's Ex. 3, p. 1.) Under Florida law, burglary of a "dwelling or occupied building" is a second degree felony. Fla. Stat. § 810.02(2); United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995).

Pursuant to U.S.S.G. § 4B1.1:

> A defendant is a career offender is (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (2000). "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling[.]" U.S.S.G. § 4B1.2(a)(2) (2000). Thus, the Florida conviction was properly used at sentencing to classify Frost as a "career offender."

It appears that the classification of Frost's offense as a third degree felony on the "Minutes and Judgment" document was a scrivener's error. Frost pleaded guilty in the Florida court to burglary of a dwelling, which is the offense set forth in the charging instrument and in the "Minutes and Judgment" document. In addition, Florida law defines the burglary of a dwelling as a second degree felony. Contrary to Frost's assertion, Shepard does not support his position that he is entitled to have his sentence modified pursuant to section 3582.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss (Doc. No. 3) be **GRANTED**, and Frost's motion for sentence modification, filed pursuant to 28 U.S.C.A. § 2255 (Doc. No. 1), be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _14th_ day of June, 2005.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)